**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**DEQUANDA NICOLE PARKS,**

Petitioner,

v.                                                    **CIVIL ACTION NO. 5:20-CV-146
(BAILEY)**

**WARDEN P. ADAMS,**

Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 5]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on July 21, 2020, wherein he recommends the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice to petitioner's right to file a *Bivens* action, and that the Motion to Proceed *in forma pauperis* [Doc. 2] be granted. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

The petition in this case alleges that the BOP is housing petitioner "in unsanitary, inhuman [sic] conditions." [Doc. 1 at 5]. Specifically, petitioner alleges that the water at Hazelton turned brown; that her toilet would not flush; that beginning June 19, 2020, there was no running water; and that there has been a lack of drinkable water. [Id]. Further, petitioner alleges that the BOP has failed to protect inmates against coronavirus. [Id. at 5–6]. For relief, petitioner asks this Court to order coronavirus testing, including

anti-body testing, and order the original contents of petitioner's mail be provided to petitioner. [Id. at 8].

On July 21, 2020, Magistrate Judge Mazzone issued his R&R. The magistrate judge found that the petitioner does not attack the execution of her sentence but instead complains about poor sanitary conditions and failure to be tested for coronavirus. [Doc. 5 at 3]. Because such claims relate only to the conditions of petitioner's confinement, the magistrate judge found that they should have been brought as a civil rights complaint. [Id.]. Accordingly, the R&R recommends the petition be dismissed without prejudice as to petitioner's right to file a *Bivens* action. [Id.].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than

those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. The petitioner timely filed her Objections to the R&R [Doc. 8] on August 6, 2020. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## III. DISCUSSION

Petitions under 28 U.S.C. § 2241 may be filed to attack the fact or length of a petitioner's confinement, but generally not the conditions of that confinement. *See Preiser v. Rodgriguez*, 411 U.S. 475, 499, 93 S.Ct. 1827, 36 (1973). The Supreme Court has further held that a habeas petition is appropriate when "success in [the] action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 125 S.Ct. 1241 (2005). As stated above, the Magistrate Judge found that petitioner's claims should have been properly brought under a civil rights complaint, not a § 2241 petition. The sole objection petitioner raises is to assert the urgency of this matter: "[p]etitioner objects to this court's withdrawal and/or oversight of this matter as this is a dire emergency as the issues presented regarding the water has [sic] gone unaddressed." [Doc. 8 at 1]. While this matter may be urgent, this Court agrees with the Magistrate Judge that a § 2241 is not the appropriate remedy in this case. Accordingly, petitioner's objection is overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 5]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Accordingly, the petitioner's objections **[Doc. 8]** are **OVERRULED**.  This Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE** as to petitioner's right to file a *Bivens* action.  The Motion to Proceed *in forma pauperis* **[Doc. 2]** is hereby **GRANTED**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August **19**, 2020.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**

4